**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

ESAU MADRID-FLORES, also
known as Javier Armondo-Carreon,

    Defendant-Appellant.

No. 04-2003
(D.C. No. CR-03-1331 BB)
(New Mexico)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, **LUCERO**, and **O'BRIEN**, Circuit Judges.

---

Esau Madrid-Flores pled guilty to reentry of an illegal alien after

deportation for a prior aggravated felony in violation of 8 U.S.C. § 1326(a)(1) and

(2) and 8 U.S.C. § 1326(b)(2). On appeal, Mr. Madrid-Flores' counsel filed a

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and moved for leave to withdraw. For the reasons set out below, we grant counsel's motion to withdraw and dismiss the appeal.

*Anders* holds that if counsel finds a case to be wholly frivolous after conscientious examination, he may so advise the court and request permission to withdraw. Counsel must submit to both the court and his client a brief referring to anything in the record arguably supportive of the appeal. The client may then raise any point he chooses, and the court thereafter must undertake a complete examination of all proceedings to determine whether the appeal is in fact frivolous. If it so finds, it may grant counsel's request to withdraw and dismiss the appeal. *Id*. at 744. Counsel has provided Mr. Madrid-Flores with a copy of his appellate brief and Mr. Madrid-Flores has chosen not to file additional material with this court.

In his *Anders* brief, counsel identified only one potentially appealable issue for our consideration, whether the district court erred in its application of the sentencing guidelines by determining Mr. Madrid-Flores' criminal history category was IV. A sentencing court's determination of the facts as a basis for application of the sentencing guidelines is reviewed under the clearly erroneous standard of review. *United States v. Torres*, 53 F.3d 1129, 1142 n.13 (10th Cir. 1995), *cert. denied*, 515 U.S. 1152. The district court applied the following

-2-

analysis to compute Mr. Madrid-Flores' sentence. Mr. Madrid-Flores' base offense level for unlawfully entering or remaining in the United States was eight pursuant to U.S.S.G. § 2L1.2. Because Mr. Madrid-Flores has a prior felony conviction that is a crime of violence (sexual assault of a child), a sixteen level increase was warranted in accordance with U.S.S.G. § 2L1.2(b)(1)(A).[1] In addition, the court found that Mr. Madrid-Flores had demonstrated an acceptance of responsibility for the offense of conviction and applied a three level reduction under U.S.S.G. § 3E1.1. Thus, Mr. Madrid-Flores' adjusted offense level was twenty-one. According to the Presentence Investigation Report (PSR), he had seven criminal history points, which established a criminal history category of IV under the guidelines. The resulting guideline range was 57-71 months. The district court sentenced Mr. Madrid-Flores to 57 months, the minimum sentence authorized under the guideline range.

Although no objections were filed to the PSR, Mr. Madrid-Flores argued through counsel at sentencing that he had not committed one of the prior crimes enumerated in the PSR, for which he received one criminal history point. This one point would shift Mr. Madrid-Flores' criminal history category from IV to III, which carries a guideline range of 46 to 57 months. In response, the probation

---

[1] Mr. Madrid-Flores was deported on May 4, 2000, subsequent to a conviction for Attempt to Commit 2nd Degree Assault, Larimer County District Court, Fort Collins, Colorado (Case No. 99CR710).

officer represented to the court that a records check was performed based on NCIC fingerprint comparisons and the records indicated that Mr. Madrid-Flores did in fact commit the prior crime at issue. Mr. Madrid-Flores offered no evidence to the contrary. The district court thus did not err in finding that he committed the prior crime.

In sum, after a careful review of the record, we conclude that Mr. Madrid-Flores has no grounds for appeal. We have found nothing in the record to suggest that Mr. Madrid-Flores' sentence was excessive or that his criminal history category should be reduced to III. We **GRANT** counsel's request to withdraw and **DISMISS** the appeal.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge